UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY A. MOORE,

Plaintiff,

v.

CITY OF DETROIT,

Defendant.
_______________________________________ /

No. 07-15282

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Docket #6], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

## I. FACTS

Plaintiff Beverly A. Moore, who is proceeding *pro se*, claims that Defendant City of Detroit violated the Fifth and Sixth Amendments through "eminent domain abuse in the City of Detroit, Michigan." *Complaint*, p.11. She claims that "[t]he City of Detroit handed over its power of eminent domain–the ability to take private property [for] public use–to the City of Detroit Planning & Development, to take the entire neighborhood for private development." *Id.* As to the underlying facts, Plaintiff concedes that a default

judgment of possession was entered against her and in favor of the City in the 36th District Court for the City of Detroit, regarding real property located at 2116 Alexandrine. She states that on October 1, 2004, she "filed a motion to set aside for judgment of possession after land contract forfeiture." *Id.*, p.2. Throughout 2005, she made numerous calls and visits to members of the Detroit City Council and their staff, as well as the City Ombudsman and Clerk. *Id.*, pp.5-8. At least three times, security officers were called to escort Plaintiff and her husband from the building. *Id.*, pp.7-8. Back in 36th District Court, she filed a motion for summary judgment, which was denied. She claims that 36th District Court Judge Ted Wallace "is involved in the City of Detroit scam, of taking property from the citizens of Detroit," and filed a complaint against Judge Wallace with the Judicial Tenure Commission. *Id.*, pp.8-9.

Attached to Plaintiff's complaint are docket sheets and orders documenting the steps she took in state court and the progress of her case there. Appendix G contains the 36th District Court Civil Register of Actions in her case, docket no. 2004-32809-LT, a summary proceeding for possession following a land contract forfeiture. A default judgment was entered against her in 2004, and she moved to set aside the default judgment. She appeared in court on November 10, 2004; the writ of possession was stayed at that time. In the meantime, Plaintiff filed a motion for default judgment. Ultimately, Judge Wallace denied the motion to set aside the default judgment and the writ of possession.

Appendix H is a transcript of the 36th District Court proceedings of November 10,

2004, the hearing on Plaintiff's motion to set aside the default judgment. At the hearing, it was made clear that the case arose out of a land contract forfeiture. The property in question belonged to the Plaintiff's grandmother, who had since died. The judge therefore adjourned proceedings in order for the Plaintiff to open an estate and be appointed personal representative. Otherwise, of course, the Plaintiff would not have standing. Plaintiff was appointed personal representative, and the proceedings resumed on December 10, 2004. The City offered the Plaintiff the opportunity to consent to a monetary judgment of approximately $8,000, with the right to redeem the property for that amount within 180 days. The Plaintiff indicated that she did not have the money, and ultimately, Judge Wallace entered an orders denying Plaintiff's motions for summary judgment, to set aside the default judgment, and to set aside the writ of possession.

Appendices A through G are orders showing that the Plaintiff appealed the 36th District Court case unsuccessfully through the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court, which denied a writ of certiorari on October 1, 2007. She filed her complaint in this Court on December 11, 2007.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

## III. DISCUSSION

### A. Res Judicata

Defendant argues for dismissal based on principles of res judicata, because Plaintiff had the opportunity to raise these claims in her state court case, but did not.

As the Supreme Court noted in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005), the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" (Quoting *Parson Steel Inc. v. First Alabama Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds, Patterson v. Kleiman,* 447 Mich. 429, 433 n.3 (1994).

The Plaintiff's claims clearly fall within the Michigan test for res judicata. The

36th District Court action was decided on the merits, and leave to appeal to both the Michigan Court of Appeals and the Supreme Court was denied on the merits. Secondly, the issues she seeks to raise in the present complaint could have been raised in state court. Indeed, the fact that she filed a petition for writ of certiorari in the United States Supreme Court indicates that she contemplated that her case involved a federal question.[1] Finally, this case involves precisely the same parties.

Accordingly, the complaint must be dismissed on grounds of res judicata.

**B. The Complaint is Frivolous**

Because the Plaintiff requested, and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian*, 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint

[1] The Court has not been provided with copies of Plaintiff's state court pleadings, and is uncertain whether she in fact raised these federal issues.

falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In her complaint, the Plaintiff seeks monetary relief in the amount of $1,000,000, claiming violations of the Fifth and Sixth Amendments.

The Sixth Amendment, of course, provides certain rights to criminal defendants, and has no application whatsoever to this case. In addition, Plaintiff's Fifth Amendment claim, alleging that the City improperly took her property for a non-public use, through "eminent domain abuse," is completely contradicted by her own complaint and exhibits, which shows that the City "took" the property not under eminent domain, but pursuant to a land contract forfeiture, followed by a lawful writ of possession. This case has nothing to do with eminent domain or the Fifth Amendment.

Because this complaint is devoid of merit to the point of being frivolous, it should be dismissed under §1915(e)(2).

## IV. CONCLUSION

I recommend that Defendant's motion to dismiss [Docket #6] be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 15, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 15, 2008.

s/Susan Jefferson
Case Manager